**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>CHRISTOPHER MAGGIO,<br><br>Defendant - Appellant. | No. 11-50119<br><br>D.C. No. 2:10-cr-00096-ODW-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted October 11, 2012
Pasadena, California

Before: KLEINFELD and McKEOWN, Circuit Judges, and QUIST, Senior
District Judge.[**]

Defendant appeals his sentence of 90 months of imprisonment and 20 years

of supervised release, imposed as a result of his guilty plea to one count of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Gordon J. Quist, Senior District Judge for the U.S.
District Court for Western Michigan, sitting by designation.

possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). We have jurisdiction pursuant to 18 U.S.C. § 3742(a).

## I. Breach of the Plea Agreement

Because it was not raised below, we review the defendant's challenge regarding breach of the plea agreement for plain error. *United States v. Maldonado*, 215 F.3d 1046, 1051 (9th Cir. 2000). The government did not breach the plea agreement either by submitting the victim impact statements or by suggesting that the defendant "had already recidivated" because of his uncharged 2007 conduct. The defendant likens this case to *United States v. Johnson*, 187 F.3d 1129, 1135 (9th Cir. 1999) and *United States v. Whitney*, 673 F.3d 965, 969-70 (9th Cir. 2012). The victim impact statements in this case are at least indirectly related to the charged offense, making *Johnson* inapposite here. This case also lacks the contradictory or duplicitous conduct by the government that was present in *Whitney*. Here, the government consistently argued for the agreed upon 51-month sentence. The government's submissions in support of that sentence were a legitimate response to defendant's request for a one-day sentence, not a breach of the plea agreement. While we might not reach the same result otherwise, here the defendant argued for a departure from the 51-month sentence in the plea agreement in favor of a one-day sentence. Within the boundaries of its commitments in the

2

plea agreement, the government could legitimately counter this argument, as it did, by noting the defendant's uncharged 2007 conduct and the impact of the defendant's conduct, together with the conduct of others, on the children represented in the images. Thus, the defendant has not established that there was a clear or obvious error that affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Wright*, 625 F.3d 583, 607-08 (9th Cir. 2010).

## II. Challenges to the Sentence

We review the defendant's challenges to his sentence by first considering whether the district court committed significant procedural error, and then considering the substantive reasonableness of the sentence. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The district court did not err by considering the victim impact statements in its sentencing decision. The government represented that the statements came from children (or the families of children) depicted in images on the defendant's computer; the children portrayed in these images are the victims of the possession of child pornography. *See United States v. Kennedy*, 643 F.3d 1251, 1263 (9th Cir. 2011). The statements were therefore relevant, and to the extent portions of them addressed conduct unrelated to the charged offense, we must presume that the judge properly applied the law

3

and considered only the evidence he knew to be admissible. *Gretzler v. Stewart*, 112 F.3d 992, 1009 (9th Cir. 1997).

The sentencing colloquy reflects the district court's recognition that it could vary from the Sentencing Guidelines on policy grounds and stated instead its reasons for agreeing with them. *See United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011) (district courts are not obligated to vary from child pornography Guidelines on policy grounds if they do not have a policy disagreement with them). The district court appreciated its discretion, articulated its reasons for following the Guidelines, and did not err by declining to vary from them.

In explaining the sentence, the district court started with the Guidelines range, discussed why it rejected the parties' positions, indicated that it considered the 18 U.S.C. § 3553(a) factors, and described its reasons for ultimately choosing the 90-month prison term and 20 years of probation. The district court found some mitigating factors not credible and identified several aggravating factors that justified the sentence near the upper range of the Guidelines. The district court adequately explained the sentence selected and its reasons for rejecting the sentence requested by the parties. "[T]he district court must explain [the sentence]

4

sufficiently to permit meaningful appellate review" but "need not tick off each of the § 3553(a) factors to show that it has considered them." *Carty*, 520 F.3d at 992.

In evaluating the substantive reasonableness of a sentence, we consider the totality of the circumstances and may not reverse "just because we think a different sentence is appropriate." *Carty*, 520 F.3d at 993. Describing the reasons for the sentence, the district judge pointed primarily to the seriousness of the offense, as conveyed by the victim impact statements, and also to the need to protect the public, based on the risk he perceived from the defendant having failed to correct his behavior after the 2007 contact with the FBI. In light of the totality of the circumstances and the § 3553(a) sentencing factors, the district court's sentence within the Guidelines range is sufficient, but not greater than necessary, to accomplish the sentencing goals of § 3553(a) and is thus substantively reasonable.

## III. Restitution

After the entry of judgment below, this court decided *United States v. Kennedy*, 643 F.3d 1251 (9th Cir. 2011). In *Kennedy*, we held that to award restitution pursuant to § 2259(b)(1), a district court must determine (1) "that the individual seeking restitution is a 'victim' of the defendant's offense," (2) "that the defendant's offense was a proximate cause of the victim's losses," and (3) "that the losses so caused can be calculated with 'some reasonable certainty.'" 643 F.3d at

5

1263. "[I]t is likely to be a rare case where the government can directly link one defendant's viewing of an image to a particular cost incurred by the victim." *Id.* at 1266.

The district court ordered $5,000 in restitution despite the lack of evidence directly linking defendant's actions to a specific $5,000 cost incurred by the victim, and without making the findings required under *Kennedy*. Accordingly, the restitution order is vacated and remanded for proceedings consistent with this opinion.

AFFIRMED IN PART, VACATED IN PART, and REMANDED.